UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES BOYD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:14-CV-01435-JAR |
| CONAGRA FOODS, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant ConAgra Foods, Inc.'s ("ConAgra") Motion to Dismiss Counts II and III (Doc. 20). Plaintiff responded (Doc. 24). For the following reasons, Defendant's Motion will be **GRANTED in part.**

### I. Standard of Review

In ruling on a motion to dismiss, the Court must view the allegations in the complaint liberally in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

1

allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II. Background

Plaintiff generally alleges the following. In January of 2013, Defendant ConAgra purchased Ralcorp Holdings, Inc. ("Ralcorp") (Am. Compl. at 2). At the time, Plaintiff was employed by Ralcorp as Vice President of Operations (*Id.*). ConAgra retained Plaintiff as Vice President of Manufacturing (*Id.*). Thereafter, in his new role, Plaintiff was no longer invited to attend a number of meetings in which he previously participated (*Id.* at 3). Plaintiff was also excluded from the decision-making process concerning the replacement of a plant manager at facility for which Plaintiff had operational responsibility (*Id.*). As an eligible participant in the Ralcorp Holdings, Inc. Severance Plan for Exempt Administrative Employees Eligible for the Ralcorp Holdings, Inc. Management Bonus Program ("the Plan"), Plaintiff alleges that these incidents constitute good reason within the applicable period of a change in control to warrant payment under the Plan (*Id.* at 4-5). Plaintiff self-terminated his employment with ConAgra on January 31, 2014 and ConAgra has failed to pay him his severance benefits (*Id.* at 2, 6).

In his First Amended Complaint, Plaintiff alleges violations of the Employment Retirement Income Security Act ("ERISA") for failure to pay benefits due under the severance plan (Count I) pursuant to § 502(a)(1)(B) and, alternatively, for Breach of Fiduciary Duty (Count II) pursuant to § 502(a)(3). He also pleads, in the alternative, a Breach of Contract Claim (Count III). In Count I, Plaintiff alleges that ConAgra

2

breached the fiduciary duty owed to Plaintiff by failing to pay his severance under the Plan. In Count II, Plaintiff alleges that ConAgra breached its fiduciary duties to Plaintiff by communicating inconsistent and ambiguous information to him. In Count III, Plaintiff alleges, in the event that Counts I and II are denied, ConAgra breached the Plan, an enforceable employment contract. Plaintiff requests: (1) benefits owed to him under the terms of the Plan, (2) an equitable surcharge, consisting of either the benefits that would have been owed to Plaintiff under the terms of the Plan or the value of wages, health insurance, retirement contributions and any raises and bonuses Plaintiff would have received had the Plan been properly administered, (3) prejudgment interest, and (4) attorneys' fees and costs (*Id.* at 10).

On December 8, 2014, Defendant filed a Motion to Dismiss Counts II and III (Doc. 20). Defendant also requests the Court strike Plaintiff's jury trial demand. Plaintiff responded (Doc. 24) and then subsequently withdrew Count III (Doc. 25). Therefore, the Court will only address the arguments as they relate to Count II and Plaintiff's request for a jury trial.

In its Motion to Dismiss, Defendant asserts that Count II of Plaintiff's First Amended Complaint should be dismissed because the harm alleged and relief requested are unallowably duplicative of the harm alleged and relief requested in Plaintiff's first claim for benefits and further that the compensatory relief Plaintiff seeks in Count II is not available under ERISA. Plaintiff responds largely relying on *Silva v. Metropolitan Life Insurance Company,* 762 F.3d 711 (8th Cir. 2014) to support his assertion that the

breach of fiduciary claim in Count II survives because it is distinct from Plaintiff's claim for severance and the remedies requested are available.

### III. Analysis

#### A. Available Relief—Surcharge

Defendant asserts that Plaintiff's request for an equitable surcharge is not available under ERISA (Doc. 21 at 8). Specifically, Plaintiff argues that section 502(a)(3) permits a beneficiary to assert a claim that seeks "'appropriate equitable relief' for a fiduciary's breach of its duty but that the surcharge requested by Plaintiff is a thinly-veiled attempt to seek compensatory damages" (*Id.*). Plaintiff responds that the Supreme Court has discussed the availability of compensatory relief for an ERISA violation in the form of a "surcharge" that would equate to the harm shown by Plaintiff resulting from the breach (Doc. 24 at 3). The Court concurs with Plaintiff. A surcharge, " 'in the form of monetary compensation for a loss resulting from a trustee's breach of duty,' " is available upon a showing that the plan participant was harmed as a result of the plan administrator's breach of a fiduciary duty. *Silva,* 762 F.3d at 722 (quoting *CIGNA Corp. v. Amara*, 131 S. Ct. 1866, 1880 (2011)).

#### B. Simultaneous Claims Under § 502(a)(1)(B) and § 502(a)(3)

Defendant also asserts that Plaintiff's claim for breach of fiduciary duty pursuant to § 502(a)(3) must be dismissed because it is nothing more than a repackaged denial of benefits claim (Doc. 21 at 6). Defendant argues that the sole avenue to seek payment of benefits under ERISA is through a claim under § 502(a)(1)(B) (Doc. 21 at 7). Plaintiff responds, again relying on *Silva*, and argues that a plaintiff seeking benefits under an

4

ERISA policy can file alternative claims and that those claims could include not only one for the benefits under the policy but another for equitable relief relating to the plan administrator's breach of fiduciary duty (Doc. 24 at 3).

At this stage of the litigation, the Court will allow Plaintiff to move forward with simultaneous claims under § 502(a)(1)(B) and § 502(a)(3). The Eighth Circuit warns, "[a] district court should generally not dismiss a [§ 502(a)(3)] claim as duplicative of a claim for benefits at the motion to dismiss stage of a case." *Silva*, 762 F.3d at 727 (quoting *Black v. Long Term Disability Ins.*, 373 F. Supp. 2d 897, 901-02 (E.D. Wis. 2005)). In *Silva*, the Eighth Circuit clarified that it would only bar duplicate recovery under § 502(a)(1)(B) and § 502(a)(3), not pleading them as alternate theories of liability. *Id.*

## C. Jury Demand

Finally, Defendant asserts that Plaintiff's request for a jury trial should be stricken because there is no right to a jury trial under ERISA (Doc. 21 at 14). Plaintiff does not address this argument in his response. Further, Plaintiff has withdrawn his breach of contract claim, leaving only his two ERISA claims (Doc. 25). Therefore, Plaintiff's request for a jury trial will be stricken because there is no right to a jury trial under ERISA. *Langlie v. Onan Corp.*, 192 F.3d 1137, 1141 (8th Cir. 1999).

## IV. Conclusion

Accordingly,

5

**IT IS HEREBY ORDERED** that Defendant ConAgra Foods, Inc.'s Motion to Dismiss Counts II and III (Doc. 20) is **GRANTED in part.** Plaintiff's request for a jury trial is hereby **STRICKEN.**

Dated this 13th day of January, 2015.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE