# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14-cv-1435-JAR |
| ) | |
| CONAGRA FOODS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorney's Fees (Doc. 28). Plaintiff moves this Court for an award of legal fees in the initial amount of $3,753.00, and continuing on an ongoing basis throughout the pendency of the litigation. In so-moving, Plaintiff directs the Court o Article IV, Section B of the Severance Plan at issue in the case which reads:

> In connection with or after a Change in Control, the Company shall pay to the Employee as incurred all legal and accounting fees and expenses incurred by the Employee in seeking to obtain or enforce any right or benefit provided by this Plan under Article II(B), unless the Employee's claim is found by a court of competent jurisdiction to have been frivolous. Any such reimbursements or payments that are taxable to the Employee shall be subject to the following restriction: each reimbursement or payment must be paid no later than the last day of the calendar year following the calendar year during which the expense was incurred or tax was remitted, as the case may be.

Plaintiff's counsel additionally indicates that she has exchanged multiple written correspondences with Defendant requesting attorney's fees payment pursuant to this section.

Defendant responds in opposition that Plaintiff's motion is premature because judgment has not been entered in the case (Doc. 31). Defendant further asserts that, given the timing and content of the motion, it is a procedurally improper effort to amend the First Amended Complaint.

Plaintiff replied, asserting that he is not attempting to amend the First Amended Complaint. Instead, Plaintiff argues that Defendant has admitted to be bound by the terms of the Severance Plan under ERISA and he only seeks enforcement of the terms of the Plan. Defendant moved for leave to file a sur-reply and the Court granted Defendant's motion. In its sur-reply, Defendant asserts that the "as incurred" language applies if Plaintiff incurs fees in the course of pursuing a qualifying claim. Defendant also argues that there would be no opportunity for a determination that the claim was frivolous until the case has been fully and finally adjudged.

The Court concludes that Plaintiff's motion is premature. Defendant has not admitted to be bound by the terms of the Severance Plan, only that the plan is an employee welfare plan under ERISA (Doc. 22 at ¶18). Defendant has also not admitted that the Severance Plan applies to Plaintiff. Furthermore, at this very early stage of the proceeding the Court is unable to determine whether the action is frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees (Doc. 28) is **DENIED without prejudice**.

Dated this 21st day of January, 2015.

                                             JOHN A. ROSS
                                             UNITED STATES DISTRICT JUDGE